The opinion of the Court was delivered by
O’Neall, J.
In this case, there is no doubt, that the title to the land is in Benjamin Hutto, unless that title has been *43 divested by a possession of ten years, under color of title in Sarab Johnson. In such a case, I lay down the proposition broadly, that it is the business of the party claiming by possession to show clearly, .that his or her possession has been both adverse and also long enough. If there be doubt on either of these points, the possessory claim must yield to the legal title. This has the sanction of Rochell ads. Holmes, as far bacheas 2 Bay, 487. In Cantey vs. Platt, 2 McC. 262, Judge Huger says, “It is, however, the duty of this court to guard with vigilance such rules as have been established for the protection of the freehold, and not to permit so important a right to depend upon the whim and caprice, or the loose impressions, of a jury. ”It will be recollected he was speaking of a finding in favpr of a possessory claim. In the same case he said most truly and justly, “ To enable a plaintiff to succeed in his statutory claim to land, he must prove, that he has had possession of the land the full time required, by the statute law.” “ He must show the extent of his possession to enable the jury to fix his metes and bounds, and his possession must, moreover, appear to have been adverse.”
These authorities are enough for the preliminary proposition which I have stated.
In this case, the possession of Sarah Johnson under color of title, must begin with her deed 2d April, 1830; if that possession continued, in her own right, for ten years before there was a possession under the legal title, it would clearly establish her right. But the judge below tells us, with 1840, by which he means the beginning of 1840, the defendant, Benj. Hutto, the owner of the elder grant and legal title, took actual possession. This prevented the constructive effect of Sarah Johnson’s possession, and confined her to her “ pedis possessio.” How can a verdict giving the whole land covered by her deed be sustained ? It is said the jury had the right to decide whether they would believe that the defendant’s possession commenced as' early as the beginning of 1840.. But such a position would *44 in every matter of doubt, place tbe legal title at tbe discretion of a jury. I agree with Judge Huger, in Cantey vs. Platt, that this is tbe very case in which this court is bound to control them, and not to suffer title to be defeated by their caprice.
Again, what was the character of her possession ? It is proved by various witnesses, that she agreed to pay rent to Benj. Hutto. He actually sued for and recovered his rent. So under the Landlords’ and Lessors’ Act, he obtained the order of the Magistrates’ and Freeholders’ Court, to restore the possession to him. How is this met ? By her evasions, or denials to uther witnesses. Can this do more than to render the character of her possession doubtful ? Certainly, if the decisions in Harrington vs. Wilkins, 2 McC. 289; and Markley vs. Amos, 2 Bail. 603, in which declarations such as if the heirs of Porter “ would produce a grant and establish the lines, he (H.) would pay them for the land, or buy it of them or if M. ever produced his grant, “ he would give it up, or could but give it up,” were ruled to make the possessions subordinate to the legal title, be law, then unquestionably the proof here is enough to have the same effect.
The motion for a new trial is granted.
WhitNER, Glover and MüNRO, JJ., concurred.
Wardlaw and Withers, JJ. We dissent, considering that the facts have been settled.

Motion granted.